IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DONNIE RAY DUMAS,

      **Petitioner,**

   v.           CASE NO. 08-3158-RDR

UNITED STATES PAROLE COMMISSION,

      **Respondent.**

## O R D E R

This matter is before the court on a petition for a writ of habeas corpus under 28 U.S.C. § 2241, filed pro se by a prisoner while confined in the United States Penitentiary in Leavenworth, Kansas.[1] Having reviewed the record which includes respondent's answer and petitioner's reply, the court dismisses the petition as moot.

### BACKGROUND

Petitioner challenges a disciplinary charge filed against him while he resided at the Grossman Center halfway house, based upon petitioner testing positive for marijuana. Petitioner alleges he was denied due process in that proceeding, and in the resulting

---

[1] Petitioner initially filed a civil complaint under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which was assigned to a different district court judge in the District of Kansas. See Dumas v. Myers, et al, Case No. 07-3314-SAC. When petitioner filed an amended complaint in that action which explicitly sought habeas corpus relief under 28 U.S.C. § 2241, the district court judge denied petitioner leave to proceed in a hybrid manner, and directed the clerk's office to open the instant habeas action as a separate action, naming the USP-LVN Warden as a respondent. By operation of that court order, the instant petition was deemed filed on December 17, 2007, prior to petitioner's release on parole on January 25, 2008. Petitioner subsequently amended this habeas action to name the United States Parole Commission as the sole respondent.

recommendation by a Bureau of Prisons Disciplinary Hearing Officer that the Parole Commission retard petitioner's parole release date for six months. Following that recommendation, the Parole Commission reopened its decision to grant parole effective July 26, 2007, and ordered a recision hearing which resulted in petitioner's release on parole on January 25, 2008.

Pointing to petitioner's release, respondent contends in part that petitioner's habeas application is moot and should be dismissed.[2] Petitioner counters that while his request for immediate release on parole has been rendered moot, he should be able to proceed on his alternative request for a determination that he was denied due process in the disciplinary proceeding and resulting retardation of his parole release date. The court disagrees.

## MOOTNESS

A writ of habeas corpus under 28 U.S.C. § 2241 is the appropriate means to challenge a disciplinary proceeding that extended a prisoner's scheduled release on parole. *See* McIntosh v. U.S. Parole Com'n, 115 F.3d 809, 812 (10th Cir. 1997). A writ of habeas corpus may only be granted where the applicant is "in custody." 28 U.S.C. § 2241(c).

"A habeas corpus petition is moot when it no longer presents a case or controversy under Article III..." Aragon v. Shanks, 144 F.3d 690, 691 (10th Cir.), *cert. denied* 525 U.S. 1005 (1998).

---

[2] Respondent further contends petitioner failed to fully exhaust available administrative remedies on his claims, and maintains petitioner was afforded all due process guarantees recognized in Wolff v. McDonnell, 418 U.S. 539, 566-67 (1974). Because the court finds the threshold issue of mootness to be dispositive, the court does not address petitioner's exhaustion of remedies or the merits of petitioner's claims.

"Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." McClendon v. City of Albuquerque, 100 F.3d 863, 867 (10th Cir. 1996). In habeas corpus, the case or controversy requirement is met when the petitioner is threatened with an actual injury caused by the respondents and where that injury is likely to be remedied by a favorable decision. Aragon, 144 F.3d at 691.

Although a prisoner's release on parole does not automatically render a habeas petition moot, the court must determine whether the petitioner remains subject to continuing collateral consequences from the alleged constitutional error, as the constitutional prerequisite of a live case or controversy continues throughout the litigation. See Spencer v. Kemna, 523 U.S. 1, 7 (1998)(discussing "in custody" requirement and mootness doctrine in context of a criminal defendant who was released from incarceration after filing a habeas petition). In the present case, direct injury from the challenged disciplinary proceeding and rescheduled parole release date is absent due to petitioner's release on parole, and collateral consequences are not to be presumed. See id. at 14-16. Petitioner thus bears the burden of demonstrating sufficient continuing collateral consequences to avoid dismissal for mootness. See id. The court finds petitioner has failed to do so.

Moreover, to the extent petitioner is attempting to seek habeas corpus relief in order to proceed against the defendants in his companion Bivens action, the Supreme Court has rejected the argument that a habeas petition cannot be moot if the petitioner's pursuit of relief in a related civil rights action is thereby foreclosed. Spencer at 17. See Heck v. Humphrey, 512 U.S. 477 (1994)(plaintiff

3

is barred from seeking relief absent a showing the challenged adjudication has been invalidated). *See also* Crow v. Penry, 102 F.3d 1086, 1087 (10th Cir. 1996)(Heck applies to Bivens parole claims); Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005)(extending Heck to bar all forms of relief if no prior invalidation).

## CONCLUSION

Finding petitioner has no actual injury that this court can now remedy, and finding petitioner has not demonstrated any collateral consequences arising from the alleged violation of his rights during the challenged disciplinary proceeding and rescheduling of his release on parole, the court concludes the instant petition should be dismissed as moot.

IT IS THEREFORE ORDERED that petitioner's motion to clarify the parties (Doc. 8) is construed by the court as petitioner's notice to the court of a response petitioner filed in a companion civil case.

IT IS FURTHER ORDERED that the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is dismissed as moot.

**IT IS SO ORDERED.**

DATED:  This 29th day of May 2009, at Topeka, Kansas.

                                    s/ Richard D. Rogers
                                    RICHARD D. ROGERS
                                    United States District Judge