IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DONNIE RAY DUMAS,**

                              **Petitioner,**

            **v.**                                       CASE NO. 08-3158-RDR

**UNITED STATES PAROLE COMMISSION,**

                              **Respondent.**

**O R D E R**

Petitioner proceeds pro se on a petition for a writ of habeas corpus under 28 U.S.C. § 2241, which the court dismissed as moot on May 29, 2009. Before the court is petitioner's motion for reconsideration, filed June 11, 2009, which the court construes the petition as a timely filed motion under Rule 59(e) of the Federal Rules of Civil Procedure.

In this action, petitioner is challenging a disciplinary charge filed against him while he resided at the Grossman Center halfway house, which resulted in his release on parole being retarded for six months. Respondent moved to dismiss the petition as moot, citing petitioner's release on parole in January 2008. The court granted respondent's motion, finding petitioner's allegations of due process violations in the challenged disciplinary proceeding and resulting retardation of petitioner's parole release date were rendered moot by petitioner's release on parole.

Petitioner now seeks reconsideration of that decision which he contends is contrary to established law. The court disagrees.

While petitioner correctly notes that courts recognize a habeas

challenge to an underlying conviction or action still impacting a prisoner's term of incarceration does not become moot by the petitioner's release on parole, such cases are clearly distinguishable from petitioner's circumstances in the present case.

In dismissing the petition, the court found petitioner had no actual injury the court could remedy, and found petitioner had not demonstrated any collateral consequences arising from the alleged violation of his rights during the challenged disciplinary proceeding and the rescheduling of his release on parole. The retardation of petitioner's parole release date "is now over and cannot be redone." Spencer v. Kemna, 523 U.S. 1, 8 (1998). Thus even if petitioner could prevail on his allegations of procedural error, he still fails to demonstrate how a ruling in his favor would now benefit him. Because petitioner remains unable to demonstrate any actual injury traceable to respondent *which is still capable of being redressed by the court*, the court finds no valid basis has been demonstrated for altering or amending the final order and judgment entered in this matter.

IT IS THEREFORE ORDERED that petitioner's motion for reconsideration (Doc. 13) is denied.

**IT IS SO ORDERED.**

DATED:  This 6th day of October 2009, at Topeka, Kansas.


 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge

2